UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   Case No.:
KAVASUTRA 6th STREET, INC. and
KAVASUTRA 10th STREET, INC.,

                          Plaintiffs,   **COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

          -against-

ERIC ADAMS, as Mayor of the City of New York;
CITY OF NEW YORK; ASHWIN VASAN, as
Commissioner of the New York City Department of
Health and Mental Hygiene; and NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE,

                          Defendants.
----------------------------------------------------------------------X

**JURY TRIAL DEMANDED**

     Plaintiffs, KAVASUTRA 6th STREET, INC. and KAVASUTRA 10th STREET, INC., by their attorneys, RIVKIN RADLER LLP, as and for their Complaint, allege:

### NATURE OF ACTION

     1. From their cafés located in Manhattan, Plaintiffs, KAVASUTRA 6th STREET, INC. and KAVASUTRA 10th STREET, INC., sell Kava, a traditional food which is often mixed with water to consume. Kava is particularly popular with Pacific Islanders and veterans who served in the Pacific, and is featured on the America Samoa quarter printed by the U.S. Mint. Plaintiffs began selling Kava product in New York City eight years ago without incident. Kava is also sold throughout the United States.

     2. The defendants, THE CITY OF NEW YORK and THE CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE ("HEALTH DEPARTMENT"), through their Officers and Executives, Mayor ERIC ADAMS and Commissioner ASHWIN

VASAN, have now decided that Kava should not be sold and are now preventing the sale of Kava by the plaintiffs, going so far as to close their two cafés.

3. Since Kava is recognized as a food, including by a New York Administrative Law Judge ("ALJ"), and is not restricted in its sale, and since plaintiffs do not sell Kava as a food additive, but a root plant which is simply mixed with or brewed in water, there is no basis for the defendants' continuous efforts pursuant to the Food and Drug Cosmetic Act ("FDCA") to prevent its sale. Accordingly, this action is commenced under the FDCA and the Declaratory Judgment Act 28 U.S. Code §2201, as well as 42 U.S.C. §1983, to, inter alia, enjoin efforts by the defendants to prevent plaintiffs from selling Kava, and for declaratory relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because it arises under the Constitution and Laws of the United States, including the FDCA and 42 U.S.C. §1983. This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

5. Venue in this district is proper under 28 U.S.C. §1391(b)(1) because the plaintiffs and defendants reside in this district.

## PARTIES

6. Plaintiff, KAVASUTRA 6th STREET, INC., is a New York corporation which operates a café at 45 East First Street, New York, New York 10003 ("First Street Location").

7. Plaintiff, KAVASUTRA 10th STREET, INC., is a New York corporation which operates a café at 261 East 10th Street, New York, New York 10009 ("10th Street Location").

8. Defendant, ERIC ADAMS, is the Mayor of the City of New York.

9. Defendant, CITY OF NEW YORK, is a municipality organized under the laws of the New York State.

10. Defendant, ASHWIN VASAN, is the Commissioner of New York City Department of Health and Mental Hygiene.

11. The HEALTH DEPARTMENT is a department within the City of New York which is responsible, <u>inter alia</u>, for supervising and licensing restaurants and cafés.

## BACKGROUND AND FACTS

12. Kava is a root of a plant that is used to produce a drink that is popular among the Pacific Islanders, including Hawaii and the America Samoa, and is becoming increasingly popular in the United States. The plant is featured on the America Samoa quarter printed by the U.S. Mint.

13. The Kava root is used to produce a drink by mixing or brewing it with water.

14. A moderate consumption of Kava in its traditional form, as a water base suspension of kava root, has been deemed to present and acceptable low level of health risk by the World Health Organization.

15. Further, Kava served by itself or mixed with water is considered a food by the FDA. The §201(f)(1) of FDCA defines food as articles used for food or drink for man or other animals. Kava, served for direct consumption, is not a food additive.

16. Under the FDCA, substances classified as food are presumed safe.

17. In order to prevent the sale of a food the FDA must prove by a preponderance of evidence that the food is injurious to health. No such showing for Kava has occurred.

18. Accordingly, Kava, prepared as a single ingredient, mixed with water, with no other ingredients added, is a food under the FDCA. Kava is not a food additive nor a multi-ingredient food and Kava is not subject to restrictions by the FDA.

19. In or about July 2015, 10th Street Location opened and was serving approximately one hundred (100) customers per day.

20. In or about January of 2020, the First Street Location opened and was serving approximately sixty (60) customers per day.

21. In or about November 2022, the HEALTH DEPARTMENT conducted an inspection of First Street Location, and issued a summons for violations, including an allegation that Kava was being "possessed, proposed, presented, packed, offered or served".

22. The charges were dismissed after a hearing before an ALJ. The ALJ determined that Kava was not being utilized as an additive or colorant but was being sold as a food. Accordingly, plaintiffs could legally serve Kava.

23. In January 2023, the HEALTH DEPARTMENT embargoed Kava products at 10th Street Location. A hearing on these summonses have not been held.

24. Then, on July 12, 2023, the HEALTH DEPARTMENT issued a summons and closure order for 10th Street Location, without a pre-deprivation hearing, and despite the prior ALJ determination, stating that food containing Kava was at the property and incorrectly asserting that under the FDCA Kava is a food adulterant.

25. Similarly, on July 13, 2023, the HEALTH DEPARTMENT issued a summons and closure order for First Street Location, without a pre-deprivation hearing, and despite the ALJ prior determination, stating that "food" containing Kava was at the property and incorrectly asserting that Kava is a food additive under the FDCA.

26. A case or controversy between the parties exists requiring a declaration by the Court.

## CLAIMS FOR RELIEF

### COUNT I

### DECLARATORY RELIEF

27. Plaintiffs incorporate and reallege each and every allegation contained in paragraphs "1" through "26" as if fully set forth herein.

28. Pursuant to the FDCA, the FDA may prohibit the sale of food upon a showing that the food is unsafe for human consumption. In addition, under the FDCA, the FDA may regulate food additives.

29. Kava as a food has never been proven to be unsafe for human consumption and the FDA has not regulated its sale.

30. This Court should declare that under the FDCA, defendants may not restrict, interfere or prevent plaintiffs' sale of Kava as a food.

### COUNT II

### INJUNCTION RELIEF

31. Plaintiffs incorporate and reallege each and every allegation contained in paragraphs "1" through "30" as if fully set forth herein.

32. Defendants should be enjoined from restricting, interfering or preventing plaintiffs' sale of Kava as a food under the FDCA.

### COUNT III

### SECTION 1983

33. Plaintiffs incorporate and reallege each and every allegation contained in paragraphs "1" through "32" as if fully set forth herein.

34. Plaintiffs have been selling Kava for eight years without incident.

35. On July 12 and 13, 2023, without any pre-deprivation process, and despite the prior determination by an ALJ that Kava was a food and was legal to sell, defendants simply ignored the ALJ's determination and closed plaintiffs' locations for selling Kava, a legal product.

36. By reason thereof, plaintiffs' rights under the Fourteenth Amendment have been violated by defendants under color of law in violation of 42 U.S.C. §1983.

37. Plaintiffs are entitled to recover damages against defendants in an amount to be determined but believed to exceed $100,000.

**WHEREFORE**, plaintiffs, KAVASUTRA 6th STREET, INC. and KAVASUTRA 10th STREET, INC., demand judgment against defendants: (a) on the first cause of action, declaring that under FDCA defendants may not restrict, interfere or prohibit plaintiffs from selling Kava as a food; (b) on the second cause of action, preliminarily and permanently enjoining defendants from restricting, interfering or prohibiting plaintiffs' sale of Kava as a food under the FDCA; (c) on the third cause of action, in an amount to be determined but believe to exceed $100,000; (d) the cost and expenses of this action including attorneys' fees pursuant to 42 U.S.C. §1988; and (e) such further and other relief that the Court deems appropriate.

Dated: Uniondale, New York
July 21, 2023

RIVKIN RADLER LLP

By: _____
E. Christopher Murray
Elizabeth S. Sy
*Attorney for Plaintiffs*
926 RXR Plaza
Uniondale, New York 11556
Tel.: (516) 357-3000
RR File No.: 13661-1

7630745v1